**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **CODY P.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 2:22-cv-00045-JAW** |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of** | ) | |
| **Social Security,** | ) | |
| | ) | |
| **Defendant** | ) | |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Social Security Disability and Supplemental Security Income appeal contends that the Administrative Law Judge (ALJ) erred by failing to address his objections to the testimony of a vocational expert. *See* Statement of Errors (ECF No. 13). I discern no harmful error and recommend that the Court affirm the Commissioner's decision.

**I. Background**

The Plaintiff filed applications for benefits in 2018. *See* Record at 408-20. After his claims were denied at the initial and reconsideration levels, the Plaintiff requested a hearing before an ALJ. *See id.* at 272-85, 288-301, 331-33. Two hearings were conducted before the ALJ: one in November 2020 and another in March 2021. *See id.* at 210-69. Following the hearings, the ALJ issued a decision finding that the Plaintiff had the severe impairment of epilepsy but that he had the residual functional capacity (RFC) to perform medium work with certain additional

1

limitations. *See id.* at 190-203. Based on the testimony of a vocational expert that a person with such an RFC could perform the Plaintiff's past relevant work, the ALJ found the Plaintiff not disabled. *See id.* at 202-03. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

The Plaintiff generally objected to the participation of vocational expert (VE) Albert Sabella at his second hearing, *see* Record at 254-55, 258, 629-32, but the ALJ nevertheless permitted VE Sabella to testify, *see id.* at 258-61. During the hearing,

the Plaintiff's counsel[1] questioned VE Sabella extensively about his experience working with people with epilepsy and the vocational impact of various hypothetical limitations. *See id.* at 255-58, 261-67. At the conclusion of the hearing, the Plaintiff's counsel requested permission to file a post-hearing statement outlining his objections to VE Sabella's testimony, which the ALJ granted. *See id.* at 267.

Thereafter, the Plaintiff's counsel filed a letter indicating, among other things, his position that VE Sabella was "uninformed about the tolerance of typical employers for employees who have seizures." *Id.* at 650-651. The Plaintiff's counsel attached several publications to his letter discussing discrimination that epileptic people face in the workplace and summarized his objections as follows:

> [VE Sabella] did not tell you about the reality of employment discrimination in the labor market which, to be kind, may be simply because he is uninformed and unqualified. His response to my hypothetical in which I described with greater precision the incidences of seizures that [the Plaintiff] will suffer in the future is therefore unreliable. . . . [I]f [the Plaintiff] has unpredictable grand mal seizures that typically present as the ones that are described in the record and will occur typically after several months, rather than predic[t]ably once a month, he is likely still unemployable (with or notwithstanding the [Americans with Disabilities Act]).

*Id.* at 651, 654-68.

The ALJ ultimately relied on VE Sabella's testimony that the someone with the Plaintiff's RFC could perform the Plaintiff's past relevant work as a housekeeper and a commercial/industrial cleaner in finding the Plaintiff not disabled at Step 4 of the Commissioner's sequential evaluation process. *See id.* at 202-03, 260-61. In doing

---

[1] The Plaintiff is represented by different counsel on appeal.

so, however, the ALJ did not specifically address the Plaintiff's objections. *See id.* at 202.

On appeal, the Plaintiff argues that the ALJ's failure to address his objections warrants remand because it is impossible to know whether the ALJ overruled the objections or simply ignored them. *See* Statement of Errors at 7-8. I am not persuaded.

The Plaintiff's objections related specifically to VE Sabella's responses to his questions about a hypothetical individual who would experience unpredictable seizures that would interfere with his ability to work. *See id.* at 650-51. The ALJ, however, did not find that the Plaintiff would experience such limiting seizures; rather the ALJ found it "unlikely" that the Plaintiff would have a seizure at work if he complied with his medications and noted, among other things, that the Plaintiff testified that "he has never had a seizure at work." *Id.* at 200. The Plaintiff does not argue that the ALJ should have found him more limited because of his epilepsy or otherwise challenge the ALJ's RFC assessment. *See* Statement of Errors at 7-8. Thus, his challenges to the accuracy of VE Sabella's testimony regarding hypothetical limitations that the ALJ did not adopt are irrelevant and the ALJ's failure to address them was, at most, harmless error.[2]

---

[2] The Plaintiff attempts to frame the issue as being the ALJ's failure to address his purported need for a special accommodation to perform his past relevant work. *See* Statement of Errors at 7-8. He never specifies what accommodation he would need, however, so I must assume his position is that he could only work if his employers would accommodate his alleged erratic seizures. Regardless, whether framed as a limitation, a need for an accommodation, or both, the Plaintiff's argument fails in light of the ALJ's unchallenged findings.

To the extent that the Plaintiff argues that the ALJ should have addressed the purported general discrimination that epileptic people face in the workplace before relying on VE Sabella's testimony, that argument does not carry the day either. As an initial matter, the Plaintiff did not meaningfully explore the issue of discrimination with VE Sabella at the hearing as he was obligated to do. *See* Record at 255-58, 261-67; *cf. Fallon v. Soc. Sec. Admin. Comm'r*, No. 1:10-cv-00058-JAW, 2011 WL 167039, at *9 (D. Me. Jan. 14, 2011) (rec. dec.) (noting that when a claimant is represented by counsel at the administrative hearing there is an expectation that counsel will explore vocational issues with the VE at the hearing rather than raise them in after-the-fact challenges), *aff'd*, 2011 WL 703590 (D. Me. Feb. 18, 2011).

Moreover, a person with epilepsy is not per se disabled under the Social Security Act, *see, e.g.*, *Zeno v. Comm'r, Soc. Sec.*, No. 12-CV-2004, 2014 WL 1364958, at *7 (W.D. La. Apr. 4, 2014), which undermines any suggestion by the Plaintiff that epilepsy precludes all competitive employment. And even accepting for the sake of argument that general discrimination might reduce the number of jobs available to an epileptic person, the number of available jobs was irrelevant to the ALJ's finding at Step 4 that the Plaintiff could return to his past relevant work. *See* 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3) ("If we find that you have the [RFC] to do your past relevant work, . . . [w]e will not consider . . . whether your past relevant work exists in significant numbers in the national economy."); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (noting that the claimant bears the burden of showing at Step 4 that his "impairment prevents *him* from performing *his* past work" (emphasis added));

5

*Anika M. V. v. Saul*, No. 2:19cv652, 2021 WL 684519, at *13 (E.D. Va. Jan. 7, 2021)

(rec. dec.) (noting that a doctor's opinion that people who used canes were at a

disadvantage in the job market was "irrelevant at [Step 4] of the ALJ's analysis"),

*aff'd*, 2021 WL 683162 (E.D. Va. Feb. 22, 2021).

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be

**AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: December 2, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge

6